**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **COSMOND DRUMMOND,** | |
| **Petitioner,** | **Civil Action No. 21-3766 (ES)** |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

SALAS, DISTRICT JUDGE

Petitioner Cosmond Drummond ("Petitioner"), a prisoner incarcerated at the Federal Correctional Institution in Ray Brook, New York, is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. No. 6 ("Petition" or "Pet.")). In response to this Court's Order to Answer (D.E. No. 7), respondent United States of America ("Respondent") filed its response. (D.E. No. 9). For the following reasons, the Court denies the Petition, and declines to issue a certificate of appealability.

## I.    BACKGROUND

The Court recounts only the facts relevant to this Opinion. On July 29, 2019, Petitioner entered a guilty plea to an indictment that charged him with one count of possession of a firearm by a convicted felon. (*United States v. Drummond*, No. 19-463, D.E. Nos. 1 & 9). Petitioner, whose criminal history included "at least two felony convictions of either a crime of violence or a controlled substance offense," was designated a career offender, resulting in a total offence level of 23 pursuant to U.S.S.G § 2K2.1(a)(2). (Presentencing Report ("PSR") ¶¶ 20–29)). On January 28, 2020, this Court sentenced Petitioner to imprisonment for a term of 94 months, which is below

the statutory maximum penalty of 10 years prescribed for Petitioner's conviction.  (*Drummond*, No. 19-463, D.E. No. 13); *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On January 31, 2020, this Court entered a final judgment against Petitioner.  (*Drummond*, No. 19-463, D.E. No. 14).  Petitioner did not file a direct appeal.

On February 23, 2021, Petitioner filed his initial Section 2255 petition but failed to use the proper form.  (D.E. No. 1; *see* D.E. No. 4).  On April 15, 2021, Petitioner filed the instant Petition on the proper form.  (Pet.).  In his Petition, Petitioner argues that he should not be designated as a career offender because his aggravated assault convictions were not "crime[s] of violence" and his controlled substance conviction did not qualify because the New Jersey law "sweeps more broadly" than the federal law.  (*See id.* ¶ 12).

## II.   DISCUSSION

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255(a) provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the moving party claims a jurisdictional defect or a constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (citing *United States v. Timmreck*, 441 U.S. 780, 783 (1979) and quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Specifically, where, as here, a § 2255 petition alleging a non-constitutional claim based on an incorrect career-offender designation, but the resulting sentence nevertheless fell within the statutory maximum for that offense, the Third Circuit recently held that such a claim is not cognizable under 28 U.S.C. § 2255. *United States v. Folk*, 954 F.3d 597, 600, 609 (3d Cir. 2020). In so holding, the Third Circuit gave four rationales: (i) "[e]ven when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful"; (ii) "an incorrect career-offender enhancement is not a fundamental defect inherently resulting in a complete miscarriage of justice," "because the Guidelines are advisory and merely one factor considered within a sentencing court's discretion"; (iii) "[a]n interest in finality cautions against finding that an erroneous career-offender enhancement is a fundamental defect inherently resulting in a complete miscarriage of justice"; and finally, (iv) "[t]here is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable." *Id.* at 604–07.

As explained above, Petitioner was not sentenced outside of the ten-year statutory maximum applicable to a conviction of possession of a firearm by a convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Accordingly, given the controlling precedent from the Third Circuit, this Court denies the Petition as Petitioner's claim is not cognizable under § 2255. Consequently, the Court need not address Petitioner's argument that his aggravated assault convictions were not "crime[s] of violence" and his controlled substance conviction did not qualify under the career-offender Guideline. *See Folk*, 954 F.3d at 609 (declining to consider whether the petitioner's previous convictions were "crimes of violence" after finding that his § 2255 claim based on incorrect career-offender enhancement was not cognizable).[1]

---

[1]     Petitioner filed two letters requesting a copy of his sentencing transcript.  (D.E. Nos. 8 & 10).  Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a party in a § 2255 matter may only conduct discovery

## III.   CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the Petition (D.E. No. 6) and decline to issue a certificate of appealability.  The Court will also deny Petitioner's requests for his sentencing transcript.  (D.E. Nos. 8 & 10).  An appropriate Order follows.

Dated: August 18, 2021

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

upon leave of court, which will only be granted following a showing of good cause.  Good cause will only be shown where the request for discovery presents "reason to believe that [the petitioner] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief" if permitted to engage in discovery.  *In re Platts*, 573 F. App'x 87, 88 (3d Cir. 2014) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).  Because, as discussed above, Petitioner's claim is not cognizable under § 2255, Petitioner has failed to show good cause for his discovery request.  His requests are thus DENIED.